Dear Mayor McGehee and Councilman Stogner:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for an opinion concerning whether the proceeds of sales and use and ad valorem taxes may be used to pay the allocable costs of various departments, particularly those of the City's general administrative staff.
In your letter, you give the following example of how the City allocates expenses of administrative personnel such as payroll or finance department employees to various city operations:
 The cost of a payroll clerk can be reasonably allocated among various departments based on the amount of time he or she might spend processing payroll for, say, the police department, fire department, or street department, etc., based on some reasonable allocation method for his or her time. Then, the cost of that employee might be covered by a pro-rata appropriation of funds dedicated to those specific purposes.
Administrative expenses that are incurred as a direct result of activities carried out in furtherance of the specified purposes listed in a sales and use tax proposition may be paid out of the tax proceeds; however, any administrative expenses incurred as general operating expenses of a political subdivision cannot be paid out of dedicated sales and use tax funds. Atty. Gen. Op. No. 89-382. It is the opinion of this office that this equally applies to ad valorem taxes and applies regardless of whether the tax proposition specifically allows use of the proceeds for "operations." In all cases, we believe that a reasonable allocation method must be used to allocate the expenses among the various tax proceeds. *Page 2 
By way of example, in the case of a municipality (although the same reasoning would apply to parish or other multi-purpose governmental units), activities that would be considered general administrative expenses would include the salaries of the Mayor, Clerk, City Council Members, and the overall expenses of operating and maintaining the municipality's administrative offices, because all municipalities incur these kinds of expenses regardless of their other activities. Other services such as the operation of municipal utility systems, recreation, libraries, industrial parks, etc., may or may not be provided out by a particular municipality, depending on its circumstances. In those cases, general operating expenses that are directly attributable to a specific department or program may, under a reasonable system of allocation, be paid for from tax revenues that are dedicated to the same department or program.
To illustrate, if a municipality operates a water and/or sewer department (which many do not operate), this may require the employment of some greater number of administrative employees, for example, to handle additional payroll, personnel matters and/or legal disputes related to that department. The activity may also require additional office space to house the department and its activities.
In a larger community, these activities might be located in a separate building, with full-time employees who devote all of their time to the department in question. In that case, the departmental expenses are clearly payable from taxes dedicated to the same purpose or department.
However, in smaller municipalities where personnel and equipment may fill multiple roles, it would be inefficient and unreasonable to disallow a reasonable allocation formula and instead to require that all such expenses to be treated as general administrative expenses. In those cases, if the municipality can reasonably attribute and allocate these additional expenses to the department in question, then such expenses can be paid from the applicable dedicated tax. To require a physical separation of such departments and their employees from general city activities in order to justify paying their allocable costs from a dedicated tax would be both inefficient and unreasonably burdensome. Of course, the local governmental unit would be responsible for documenting and retaining records showing the allocation method used, which, for example, might be an employee's total salary multiplied by a formula based upon the number of hours the employee performed a certain task for a certain department divided by the total number of hours worked. *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 BENJAMIN A. HUXEN II
 Assistant Attorney General
 JDC/BAHII:crt